HOLLIS EVERETTE NEWSOME v. EMMA SUTTON NEWSOME

No. 796DC208

(Filed 6 November 1979)

**Divorce and Alimony § 7; Rules of Civil Procedure § 52— action for divorce from bed and board—nonjury trial—judgment against plaintiff**

    The trial court in a nonjury trial did not err in granting defendant's motion at the close of plaintiff's evidence to dismiss plaintiff's action for divorce from bed and board and in rendering judgment on the merits against plaintiff, and plaintiff was not prejudiced by the court's failure to make findings of fact as required by G.S. 1A-1, Rule 52(a) where the court at the close of all the evidence made findings of fact in connection with defendant's counterclaim for alimony without divorce, and these findings decided and settled all of the issues raised in plaintiff's action for divorce from bed and board.

    Judge VAUGHN concurring the result.

    Judge ERWIN joins in the concurring opinion.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 2 November 1978 in District Court, HERTFORD County. Heard in the Court of Appeals 27 September 1979.

Plaintiff alleged in his complaint for divorce *a mensa et thoro* that he and the defendant were married 25 April 1974 and separated finally on 8 October 1978; that the defendant had abandoned or constructively abandoned the plaintiff, or in the alternative, the defendant had offered such indignities to the person of the plaintiff as to render his life burdensome.

Defendant's unverified answer denied the allegations of the plaintiff's complaint and asserted a cross action for alimony without divorce.

Counsel stipulated that the case be heard by the presiding judge without a jury.

Plaintiff offered testimony which tended to show that the separation was caused by defendant's nagging about money for support; that on one occasion the defendant requested that plaintiff pick up her son; that plaintiff advised defendant there was no gas in the car, whereupon "[s]he just told me she didn't need me then, to get out if I couldn't do what she wanted me to do."

The plaintiff further testified that the defendant without his knowledge or consent took in four nieces and nephews who resided with them for two years without his permission and that he was forced to feed and clothe the children during said period since the natural parents were not providing support.

At the conclusion of the plaintiff's evidence, the defendant made a motion to dismiss, apparently under Rule 41(b) of the Rules of Civil Procedure, which motion was allowed; and the court proceeded to hear the cross action for alimony without divorce brought by the defendant. At the conclusion of the defendant's evidence, the presiding judge found the facts, made conclusions of law, and entered a judgment in the case.

Plaintiff gave notice of appeal.

*Rosbon D. B. Whedbee, for plaintiff appellant.*

*Carter W. Jones and Donnie R. Taylor, for defendant appellee.*

HILL, Judge.

Rule 10 of the Rules of Appellate Procedure provides for the taking of exceptions and assignments of error in the record on appeal. Plaintiff, in his grouping, has made twelve assignments of error. Each assignment has been numbered, each exception numbered, and the plaintiff has made reference to the place in the record where his exceptions are taken. However, plaintiff has failed to place the appropriate number of each exception in the record itself.

Rule 10(b) makes it clear that not only must each exception be set out immediately following the record of judicial action to which it is addressed, as plaintiff has done, but must also be numbered consecutively in order of their appearance. Plaintiff did not number the exceptions as they appear in the record.

Rule 10(a) makes it plain that any exception not set out in accordance with the Rule cannot be made the basis of an assignment of error.

Plaintiff's exceptions 5 and 12 are preserved, however. Both refer to the judgment in the cause and a ruling on a motion to

dismiss which is in the nature of a judgment. Both issues were properly raised in plaintiff's brief. Thus, notwithstanding the absence of exceptions that are properly taken, the exceptions are preserved on appeal pursuant to Rule 10(a).

Exception No. 5 reads as follows:

The Honorable Trial Judge's ruling granting the motion of the defendant to dismiss the plaintiff's action from bed and board.

Such exception is without merit.

Rule 41(b) of the Rules of Civil Procedure provides in part that:

After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right of relief.

The judge can render judgment against the plaintiff, not only because his proof has failed in some essential aspect to make out a case, but also on the basis of the facts as he may then determine them to be from the evidence before him. *Helms v. Rea,* 282 N.C. 610, 194 S.E. 2d 1 (1973). As trier of the facts, the judge may weigh the evidence, find the facts against the plaintiff and sustain the defendant's motion even though the plaintiff has made a prima facie case which would have precluded a directed verdict for the defendant in a jury case. *Joyner v. Thomas,* 40 N.C. App. 63, 251 S.E. 2d 906 (1979). *Helms v. Rea, supra.*

Here the court by its findings of fact and conclusions of law has adjudged that the plaintiff failed to meet his burden of proof for divorce *a mensa et thoro* and properly dismissed the plaintiff's case.

After the dismissal of the plaintiff's suit, the court proceeded to hear the cross action of the defendant, based upon her complaint which was not verified. Plaintiff contends that the counterclaim — not being verified — was a nullity, and the court was without jurisdiction of the subject matter.

G.S. 50-16.8(b) provides:

Payment of alimony may be ordered:

. . .

(3) Upon application of the dependent spouse as a cross action in a suit for divorce, whether absolute or from bed and board, or a proceeding for alimony without divorce, instituted by the other spouse.

Under the current Rules of Civil Procedure, unless a statute or rule so provides, no verification is required. *Hill v. Hill*, 11 N.C. App. 1, 180 S.E. 2d 424 (1971).

G.S. 50-8 provides: "In all actions for divorce the complaint shall be verified in accordance with the provisions of Rule 11 of the Rules of Civil Procedure and G.S. 1-148."

It appears that under G.S. 50-8 only pleadings praying for divorce require verification.

Old G.S. 50-16 provided that in cases for alimony without divorce the wife shall not be required to file the affidavit provided in G.S. 50-8, but shall verify her complaint as prescribed in ordinary civil actions. *Cunningham v. Cunningham*, 234 N.C. 1, 65 S.E. 2d 375 (1951); *Rowland v. Rowland*, 253 N.C. 328, 116 S.E. 2d 795 (1960). However, G.S. 50-16 has been repealed, and under neither G.S. 50-16.8 nor G.S. 50-16.1 does there appear the requirement that the pleading be verified. The judge heard sworn testimony, based on the application of the defendant, to find the facts and conclusions used in this cause.

An action for permanent alimony is a permissive counterclaim. *Gardner v. Gardner*, 294 N.C. 172, 240 S.E. 2d 399 (1978). Hence, the defendant's answer need not have been verified, and the court had jurisdiction to hear the cause and enter its judgment.

The plaintiff further objected to the entry of judgment in this cause for the reason that it was against the weight of the evidence and improperly entered as a matter of law. The trial court found as a fact that the plaintiff was gainfully employed as a skilled mechanic with take home pay of $940.84 per month and had total expenses of $470 per month. The defendant was

employed at a local hospital at $489.60 per month and had expenses totaling $465 per month. The judge further found that the plaintiff was the supporting spouse and that the defendant was the dependent spouse. The court further found that the plaintiff had abandoned the defendant and wilfully failed to provide her with necessary subsistence according to his means and conditions so as to render the condition of the dependent spouse intolerable and the life of the defendant burdensome. Hence, the award of $25 per week to be paid by the plaintiff to the defendant as permanent alimony was reasonable and well within the means and ability of the plaintiff to do so.

"It is the duty of a husband to support and maintain his wife . . . . The fact that the wife has property or means of her own does not relieve the husband of his duty to furnish her reasonable support according to his ability . . . ." 2 Lee, N.C. Family Law § 128, p. 135 (1963).

The trial judge further found as a fact that the defendant had made the down payment in the sum of $3,000 on the house owned by the plaintiff and the defendant as tenants by the entirety, and had further made all subsequent monthly payments except six. The plaintiff at this time was living elsewhere. Hence, the judge found sufficient facts to conclude the defendant was entitled to the right of possession of all household effects and appliances. G.S. 50-16.7(a) provides that when alimony, temporary or permanent, is awarded, the court may order that possession of real property be transferred.

In this case, Attorney Carter W. Jones had 33 years' experience in the general practice of law. He had rendered reliable service to the defendant by preparing an answer, appearing in court, and had spent 30 hours on the matter. The award by the court of $500 for attorney fees was reasonable. The same findings required to support alimony are required to support an award of counsel fees. *Sprinkle v. Sprinkle*, 17 N.C. App. 175, 193 S.E. 2d 468 (1972). The findings of the trial judge making such an award is binding on appeal in the absence of abuse of discretion. *Roberts v. Roberts*, 38 N.C. App. 295, 248 S.E. 2d 85 (1978). The plaintiff did not object to the findings of fact by the trial judge. His objection was that the evidence did not support such findings. We are of the opinion there is ample evidence to support such findings.

For the reasons set out herein, the judgment by the trial court is

Affirmed.

Judge VAUGHN concurs in the result.

Judge ERWIN joins in the concurring opinion.

Judge VAUGHN concurring.

I concur in the result reached. Plaintiff brings forward only two assignments of error, his fifth and his twelfth.

In his twelfth assignment of error he excepts to the entry of the judgment. There are no exceptions to any of the findings of fact. An exception to the entry of judgment does not present the question of whether there is evidence to support the findings of fact and I, consequently, do not reach that question. On appeal, plaintiff does not argue that the facts as found by the court do not support the conclusions of law and the judgment.

By the fifth assignment of error, defendant contends that the court erred in granting defendant's motion made at the close of plaintiff's evidence to dismiss plaintiff's action for divorce from bed and board. The case was being tried by the court without a jury. Before rendering judgment on the merits against the plaintiff under Rule 41(b) of the Rules of Civil Procedure, the court should have made findings of fact as provided by Rule 52(a). The court's failure to do so in this instance, however, is of little consequence. At the close of all the evidence the court made findings of fact in connection with defendant's counterclaim. These findings of fact decide and settle all of the issues raised in plaintiff's action for divorce from bed and board.