Yolanda Marie Sisco CREWS,
Appellant,

v.

Anthony Van CREWS, Appellee.

No. S–2536.

Supreme Court of Alaska.

Feb. 24, 1989.

D. Scott Dattan, Anchorage, for appellant.

No appearance for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

Anthony and Yolanda Crews are husband and wife. They have one child, Alexander Crews. In July 1987 Yolanda filed an action for divorce and relief in superior court in Anchorage. The superior court dismissed the action on the grounds that (1) it did not have jurisdiction to make a requested child custody determination, and (2) it did not have personal jurisdiction over Anthony. Yolanda appeals. We affirm dismissal of the child custody and related claims, and personal claims against Anthony. We reverse dismissal of the claim for divorce.

## I. FACTS AND PROCEEDINGS

Anthony and Yolanda Crews were married in June 1986. They resided in Florida, and it was there that their child, Alexander Crews, was born in December 1986.

In April 1987 Anthony and Yolanda separated. Yolanda left Florida with Alexander and returned to Alaska, her state of legal residence. Anthony did not assent to the removal of his son.

On June 8, 1987, Anthony filed an action for divorce and related relief in the Circuit Court for Orange County, Florida. In his

complaint, he asked that he be granted primary custody of Alexander as well as child support. On June 23 the circuit court issued a temporary restraining order awarding Anthony temporary custody of Alexander and ordering Yolanda to return Alexander to Anthony.

In July 1987 Yolanda filed an action for divorce in superior court in Anchorage, requesting as additional relief custody of Alexander, child support and medical expenses for Alexander, life insurance for the benefit of Alexander, and an adjudication of property rights. Anthony answered and moved to dismiss the action on the ground that the Florida court had assumed jurisdiction over the dispute.[1] He attached to his answer copies of his Florida complaint and the temporary restraining order.

On October 19, 1987, Superior Court Judge Peter A. Michalski dismissed Yolanda's action on two grounds: (1) the court did not have jurisdiction to make the child custody determination; (2) the court did not have personal jurisdiction over the parties under AS 9.05.015(a)(12). Yolanda filed a motion to reconsider, which was denied.

## II. DISCUSSION

### A. THE SUPERIOR COURT DID NOT ERR IN CONCLUDING THAT IT DID NOT HAVE SUBJECT MATTER JURISDICTION OVER THE CHILD CUSTODY DISPUTE.

AS 25.30.020, Alaska's codification of section 3 of the Uniform Child Custody Jurisdiction Act (UCCJA), provides as follows:

(a) The superior court has jurisdiction to make a child custody determination by initial or modification decree if the conditions set out in any of the following paragraphs are met:

(1) this state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state

because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2) the child is physically present in this state and is a child in need of aid as defined in AS 47.10.290; or

(3) it (A) appears that no other state would have jurisdiction under prerequisites substantially in accordance with (1) or (2) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) is in the best interest of the child that this court assume jurisdiction.

(b) Except under (a)(2) and (3) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine the child's custody.

Yolanda does not argue that Alaska is Alexander's home state or that he is a child in need of aid. Further, this is not a case in which "no other state would have jurisdiction under prerequisites substantially in accordance with (1) or (2) of this subsection": Yolanda does not contest a finding that Florida is Alexander's home state.

Yolanda's apparent contention is that this court should assume jurisdiction on the basis of the final alternative in AS 25.30.-020(a)(3). Thus, she must establish that "another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and ... it is in the best interest of the child that this court assume jurisdiction." AS 25.30.020(a)(3).

■ The plaintiff has the burden, after challenge, of establishing by competent evidence all facts essential to jurisdiction under the UCCJA. *Clark v. Kendrick*, 670 P.2d 32, 34 (Colo.App.1983); *State ex rel State of Pennsylvania v. Stork*, 56 Or.

---

1. On September 12, 1988, the Florida court entered an order abating Anthony's action pending

service of process on Yolanda and the decision of this court.

App. 335, 641 P.2d 660, 664 (1982). Thus, Yolanda was required to present proof that the state of Florida declined jurisdiction. Yolanda did not present proof that the Florida court had declined jurisdiction. She argues before this court that the superior court ought to have communicated with the Florida circuit court to determine whether that court had declined or ought to decline jurisdiction.

The cases and statutes cited by Yolanda in support of her assertion that the Alaska court should communicate with the Florida court are inapposite. AS 25.30.050(b) requires a court to communicate with other courts apparently exercising simultaneous jurisdiction.[2] The purpose of this statute is to avoid jurisdictional competition and ensure that two states do not simultaneously adjudicate the custody of a child. This purpose does not bear upon a decision *declining* jurisdiction.

■ Further, there can be little doubt that Alaska is not the appropriate forum for adjudication of this custody dispute. Though the structure of AS 25.30.020 clearly implies that a state not the child's home state should sometimes exercise jurisdiction, under the UCCJA a child's home state is presumptively the correct forum. *Hattoum v. Hattoum*, 295 Pa.Super. 169, 441 A.2d 403, 405 (1982). The official comments to the UCCJA describe AS 25.30.-020(a)(3) as "a final basis for jurisdiction which is subsidiary in nature. It is to be resorted to only if no other state could, or would, assume jurisdiction under the other criteria of this section." 9 *Uniform Laws Annotated* part 1, p. 145 (Master Ed.1988). Florida exercised jurisdiction over this custody dispute. Any exercise of jurisdiction by Alaska would encourage the unilateral removal of children for the purpose of obtaining custody, contrary to AS 25.30.-010(5).[3]

The superior court did not err in dismissing the child custody issue for lack of subject matter jurisdiction.

## B. THE SUPERIOR COURT DID NOT ERR IN DISMISSING YOLANDA'S PERSONAL CLAIMS AGAINST ANTHONY.

■ The superior court dismissed Yolanda's personal claims against Anthony on the ground that it did not have jurisdiction over the parties under AS 09.05.015(a)(12).[4] AS 09.05.015(a)(12)(A) provides that when an action for divorce involves a personal claim against a non-resident party, a court of this state has jurisdiction over the *personal claim* only if "the parties resided in this state in a marital relationship for not less than six consecutive months within the six years preceding the commencement of the action." Because Anthony and Yolanda have never resided in this state in a marital relationship, the superior court did not have personal jurisdiction over Anthony, and properly dismissed Yolanda's personal claims against Anthony.

## C. THE SUPERIOR COURT ERRED IN CONCLUDING THAT IT DID NOT HAVE JURISDICTION OVER YOLANDA'S ACTION FOR DIVORCE.

■ Though the superior court did not err in concluding that it lacked jurisdiction over the child custody issue and Yolanda's personal claims against Anthony, it is a separate question whether the superior court has jurisdiction over Yolanda's action for divorce. An action for divorce is essen-

---

**2.** AS 25.30.050(b) provides:
   Before hearing the petition in a custody proceeding the court shall examine the pleadings and other information supplied by the parties under AS 25.30.080 and shall consult the child custody records maintained under AS 25.30.-150 concerning the pendency of proceedings with respect to the child in other states. If the court has reason to believe that proceedings may be pending in another state, it shall direct an inquiry to the state court administrator or other appropriate official of the other state.

**3.** AS 25.30.010 provides in part:
   The general purposes of this chapter are to:

   .     .     .     .     .

   (5) deter abductions and other unilateral removals of children undertaken to obtain custody awards[.]

**4.** Yolanda's personal claims against Anthony included requests for child support and for division of the parties' marital assets.

tially a proceeding *in rem*. *Perrenoud v. Perrenoud*, 206 Kan. 559, 480 P.2d 749, 757 (1971). The *res* upon which the judgment operates is the status of the parties. *Id.* If a party is present in the state, his or her marital status is present as well. Thus, an action for divorce not complicated by alimony, property division, or child custody issues may be maintained in the superior court whenever one of the parties is physically present in the state with an intent to remain indefinitely. *Perito v. Perito*, 756 P.2d 895, 897–98 (Alaska 1988). Dismissal of the child custody issue and the personal claims against Anthony leaves only a divorce action to be adjudicated.

Because the superior court made no finding as to whether Yolanda intended to remain in Alaska indefinitely, the case must be remanded for this purpose.

### III. CONCLUSION

The judgment of the superior court is AFFIRMED in part and REVERSED in part and REMANDED for proceedings consistent with this opinion.