Mark A. **VANVELZOR**, Appellant,

v.

Jessica A. **VANVELZOR**, Appellee.

No. S–13272.

Supreme Court of Alaska.

Nov. 13, 2009.

Kenneth M. Wasche, Kenneth M. Wasche, P.C., Anchorage, for Appellant.

No appearance by Appellee.

Before: FABE, Chief Justice, EASTAUGH, CARPENETI, WINFREE, and CHRISTEN, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

A husband moved to Alaska and filed for annulment of his marriage or divorce from his wife, who lives in Ohio, and alleged a number of personal claims against her. Acting without a lawyer, she responded that the superior court had no jurisdiction over her. She also filed a "motion to change venue," which in substance argued that Alaska lacked jurisdiction. The wife also counterclaimed for spousal support. The superior court granted the wife's motion and dismissed the case on the grounds that Alaska lacked personal jurisdiction over her.

The husband appeals on the grounds that (1) the court erred in treating the venue motion as a jurisdiction motion without giving him the opportunity to brief jurisdiction; (2) Alaska had jurisdiction because the wife requested spousal support; (3) the wife waived her jurisdictional defense by not raising it with her motion to change venue; and (4) even if the court had no jurisdiction over the wife, it erred in dismissing the action to terminate the marriage. We agree only with his final argument, and remand for the superior court to adjudicate the annulment or divorce claim alone.

## II.   FACTS AND PROCEEDINGS

### A.   Facts

Mark and Jessica Vanvelzor married in 2004 in New York. They made their marital home in Mount Vernon, Ohio. The Vanvelzors separated sometime in 2007. Mark moved to Anchorage where he took a job, and Jessica remained in Ohio.

### B.   Proceedings

In early 2008 Mark filed a complaint for annulment or divorce in Alaska. He was represented by counsel. The couple has no real property, but he requested division of personal property. He demanded Jessica return some of his son's personal property that he alleged was in her possession.

Jessica answered the complaint pro se by filling out a form provided by the court. In the section entitled "Affirmative Defenses," Jessica checked the box reading: "I have never resided or been present in the State of Alaska. This Court lacks personal jurisdiction over me." She also checked the box in the same section reading "The venue of this action is improper. This case should have been filed at the Courthouse in (*City or Town* )" and in the blank space she handwrote "Mount Vernon, Ohio."

At the end of the form, Jessica had the option to check five boxes which read: "I have attached the following documents: ☐ Property and Debt Worksheet ☐ Motion for Attorney's Fees ☐ Motion to Change Venue ☐ Motion for Spousal Support ☐ Other _____". Jessica checked "Motion to

Change Venue" and "Motion for Spousal Support."

On the same day, Jessica filed her motions for spousal support and change of venue, both handwritten on forms provided by the court. In her motion for change of venue, she requested that "the venue to hear this divorce case be moved to the State of Ohio," because "I do not believe the Plaintiff has the intent to stay in Alaska. . . ." She said that Mark still rented a house, a storage unit, and a P.O. Box in Ohio.

Mark responded to Jessica's motion for change of venue. He asserted that he resides in Alaska and intends to remain. He then thoroughly discussed the substantive law of venue, but did not mention jurisdiction. With the response he filed an affidavit stating that he works and rents his home in Anchorage, but that he still rents some property in Ohio as storage. He also explained that he rents a post office box in Anchorage and has informed important correspondents of his change in address, but that he did not put a change of address on his Ohio post office box because he "did not want to receive Jessica's mail."

The superior court granted Jessica's motion for change of venue on the grounds that it did not have personal jurisdiction over her. The court noted that Alaska has jurisdiction to dissolve a marriage if at least one spouse is in Alaska and intends to remain. The court wrote:

> Although the court does have subject matter jurisdiction to grant a dissolution in this case, it has no personal jurisdiction to adjudicate the distribution of the parties' marital property. Because distribution of marital property appears to be a substantial issue in this case, the court would be limited in its ability to grant the relief requested by Plaintiff.

The court dismissed all of Mark's claims. Mark promptly moved for reconsideration on the grounds that he did not get a chance to brief jurisdiction, and that, even if the court did not have personal jurisdiction over Jessica, it should still give him an annulment or divorce. The superior court denied this motion. Mark appeals.

## III. STANDARD OF REVIEW

We review the granting of a motion to change venue for abuse of discretion.[1] We review a determination of personal jurisdiction *de novo*.[2] Although the court purported to grant change of venue, in substance it dismissed for lack of personal jurisdiction over Jessica. Therefore, we review this appeal *de novo*. When a superior court resolves a matter under different substantive law than that argued by the parties, the action raises due process concerns, which we review *de novo*.[3]

## IV. DISCUSSION

### A. Any Due Process Violation in Granting Jessica's Motion for Change of Venue on Lack of Jurisdiction Grounds Without Briefing on Jurisdiction from Mark Has Been Cured in this Court.

Mark argues that the superior court should not have dismissed for lack of jurisdiction without giving him an opportunity to brief jurisdiction. He also argues that he did not have notice that jurisdiction would be an issue. Mark compares this case to cases in which the superior court erred by converting motions to dismiss on the pleadings to motions for summary judgment.[4] In those cases, the superior court looked at one party's evidence or argument without giving the other party the opportunity to present evidence or argument.[5]

But Mark does not argue that he did not get sufficient opportunity to present evidence. In fact, Mark argues that he presented sufficient facts for the court to decide in his favor, but that he did not get the opportunity to present the substantive law. He does not point to any additional evidence he would have presented to the superior court, nor do his legal arguments rely on any facts not already part of the record before this court.

Both the United States and Alaska Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law.[6] Due process of law requires that a party have notice of the nature of a proceeding and a reasonable opportunity to be heard.[7] We have, on occasion, found this right violated when a superior court disposed of a case on grounds that the parties reasonably did not expect to be at issue.[8] But in those cases, the parties demonstrated they would have presented their evidence differently had they known what law the court would use in deciding those matters.[9]

Here, Mark does not request further evidentiary development. His sole argument is that he should have had an opportunity to present the substantive law of jurisdiction to the superior court. He makes his jurisdictional arguments now before this court, and we review the superior court's ruling *de novo*. Therefore, we find any error at the superior court level cured by the proceedings in this court. Whether or not Mark had sufficient opportunity to be heard on the law of jurisdiction before the superior court, he has that opportunity now.

---

1. *Sever v. Alaska Pulp Corp.*, 931 P.2d 354, 360 n. 7 (Alaska 1996).

2. *S.B. v. State, Dep't of Health & Soc. Servs. Div. of Family & Youth Servs.*, 61 P.3d 6, 10 (Alaska 2002).

3. *See Price v. Eastham*, 75 P.3d 1051, 1055–57 (Alaska 2003).

4. *See* Alaska R. Civ. P. 12(b)(6); Alaska R. Civ. P. 56.

5. *See Demmert v. Kootznoowoo Inc.*, 960 P.2d 606, 611 (Alaska 1998); *Shooshanian v. Wagner*, 672 P.2d 455, 460–61 (Alaska 1983).

6. U.S. Const. amend. XIV, § 1; Alaska Const. art. I, § 7.

7. *Price*, 75 P.3d at 1056.

8. *Id.* (holding due process violation where court found easement based on statute that parties reasonably believed was not at issue); *Cushing v. Painter*, 666 P.2d 1044, 1046 (Alaska 1983) (holding due process denial where mother would have prepared case and evidence differently had she known that court would determine permanent custody of child at interim custody hearing).

9. *Price*, 75 P.3d at 1056 (parties not given opportunity to present evidence on relevant statutory factors); *Cushing*, 666 P.2d at 1046.

## B. It Was Error To Dismiss Mark's Claims for Termination of the Marriage.

Mark advances three arguments to support his claim that Alaska has jurisdiction in this case. First, he argues that Alaska has jurisdiction over Jessica because she filed a counterclaim for spousal support. Second, Mark argues that Jessica waived her personal jurisdiction defense by not mentioning it in her motion for change of venue. Third, Mark argues that, even if the superior court did not have jurisdiction over his personal claims against Jessica, it should have retained jurisdiction over his annulment and divorce claims. We disagree with Mark that Jessica's actions, as a pro se litigant, waived her jurisdictional defense, but we agree that the superior court did not need personal jurisdiction over Jessica to terminate Mark's marriage to her.

### 1. Jessica did not waive her personal jurisdiction defense by filing a counterclaim for spousal support.

■ Mark argues that Alaska acquired personal jurisdiction over Jessica when she filed her counterclaim for spousal support. Mark argues that Alaska's jurisdictional statute allows Alaska courts to exercise jurisdiction in every situation in which it would be constitutional to do so, and that Jessica's act of filing her counterclaim was sufficient "minimum contacts" [10] with Alaska to make personal jurisdiction over her constitutional.

■ But we disagree with Mark that the constitutional inquiry is relevant. The only grounds for jurisdiction over personal claims in divorce and annulment actions are statutory. Alaska Statute 09.05.015 (Alaska's "long arm" statute) states:

A court of this state having jurisdiction over the subject matter has jurisdiction over a person served in an action according

to the rules of civil procedure . . . (12) in an action for annulment [or] divorce . . . when a personal claim is asserted against the nonresident party if (A) the parties resided in this state in a marital relationship for not less than six consecutive months within the six years preceding the commencement of the action; (B) the party asserting the personal claim has continued to reside in this state; and (C) the nonresident party receives notice as required by law.

The grounds for jurisdiction listed in AS 09.05.015(a)(12) are not met. Mark does not argue that they are met, and the record does not suggest that he and Jessica have ever resided together in a marital relationship in Alaska.

■ Mark attempts to avoid the conclusion that the jurisdictional grounds set out in subsection .015(a)(12) are not met by arguing that section .015 is not exclusive. In many situations, AS 09.05.015 allows courts to exercise personal jurisdiction whenever constitutional to do so by virtue of its "catch-all" provision.[11] But that catch-all provision does not to apply to subsection (a)(12). The catch-all provision states: "The jurisdictional grounds stated in (a)(2)-(10) of this section are cumulative and in addition to any other grounds provided by the common law." [12] The catch-all provision does not include subsection (a)(12), leading us to conclude that section is not cumulative and in addition to any other grounds.

■ We follow the doctrine of statutory construction that when the legislature expressly enumerates included terms, all others are impliedly excluded.[13] We sometimes refer to this in the Latin, *expressio unius est exclusio alterius.*[14] Using this canon of construction, we conclude that by expressly including subsections (a)(2)-(10) in its catch-all

**10.** *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

**11.** *Parker v. State, Dep't of Revenue, Child Support Enforcement Div., ex. rel. R.A.W.,* 960 P.2d 586, 587–88 (Alaska 1998); *Alaska Telecom, Inc. v. Schafer,* 888 P.2d 1296, 1299 (Alaska 1995).

**12.** AS 09.05.015(c).

**13.** *Ranney v. Whitewater Eng'g,* 122 P.3d 214, 218–19 (Alaska 2005).

**14.** *Id.*

provision, the legislature did not intend to include subsection (a)(12). Thus, the statutory grounds for jurisdiction over personal claims against a nonresident party in a divorce or annulment are exclusive, and Mark's constitutional law argument is irrelevant.

Although Mark does not raise the issue of waiver, we generally frame similar questions in terms of waiver.[15] Thus, we consider whether, by counterclaiming for spousal support, Jessica waived her objection to the court's jurisdiction over her.

██ We have not before addressed whether filing a counterclaim for spousal support in a divorce action waives the defense of lack of personal jurisdiction, and there is no consensus among other jurisdictions on the law governing this question.[16] But Jessica acted pro se, made her objections to personal jurisdiction promptly, and acted according to instructions provided by the Alaska Court System. We hold the pleadings of pro se litigants to less stringent standards, and this "reflects a policy against finding unintended waiver of claims in technically defective pleadings filed by *pro se* liti-

gants."[17] Therefore, we hold that Jessica did not waive her defense.

Jessica answered using a pre-printed form provided by the court system.[18] The form had a box she could check saying: "This Court lacks personal jurisdiction over me," and another one saying: "I have attached the following documents: Motion for Spousal Support." A pro se litigant reading the form could easily assume that it is proper to file a motion for spousal support with the answer without realizing that by doing so she might be giving up her earlier statement that the court lacks jurisdiction. Jessica followed the form's instructions carefully, and stated her arguments clearly and promptly.[19] We view pro se litigants' filings leniently, and hold that Jessica did not waive her personal jurisdiction defense by also requesting spousal support.

**2. Jessica did not waive her personal jurisdiction defense by not mentioning jurisdiction in her motion for change of venue.**

██ Mark argues that Jessica waived her objection to personal jurisdiction by failing to

---

**15.** *Heppinstall v. Darnall Kemna & Co.*, 851 P.2d 78, 79 n. 2 (Alaska 1993) ("Because [the defendant] answered and counterclaimed without objecting to the court's jurisdiction, it waived any challenge to personal jurisdiction."); *see also Strong v. Castellanos*, Mem. Op. & J., No. S–9174, 2000 WL 34545814, at *1 (Alaska July 26, 2000) ("[A] nonresident who appears in an Alaska court asking for relief waives any claim that the court lacks personal jurisdiction.").

**16.** Most courts hold that a defendant does not waive an objection to personal jurisdiction if the counterclaim is compulsory. *See, e.g., Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 n. 1 (9th Cir.1984). This is sensible, considering that the civil rules require filing both the counterclaim and the objection to personal jurisdiction at the outset of the litigation. *See* Alaska R. Civ. P. 12(h)(1); Alaska R. Civ. P. 13(a). Some courts also hold that a defendant does not waive the objection even when the counterclaim is permissive, but other courts disagree. *See Gates Learjet Corp.*, 743 F.2d at 1330 (recognizing federal court disagreement over whether permissive counterclaim waives personal jurisdiction defense, and holding that it does not). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Alaska R. Civ. P. 13(a). A permissive

counterclaim is any other claim the defendant has against the plaintiff. Alaska R. Civ. P. 13(b). We have never addressed whether a counterclaim for spousal support is permissive or compulsory; the question is not settled. *Compare Walker v. Walker*, 695 So.2d 58 (Ala.Civ.App. 1997) (counterclaim for alimony in divorce action compulsory) *with Newsome v. Newsome*, 43 N.C.App. 580, 259 S.E.2d 577, 579 (1979) (counterclaim for alimony in divorce action permissive).

**17.** *See DeNardo v. Calista Corp.*, 111 P.3d 326, 330 (Alaska 2005).

**18.** *See* Answer and Counterclaim to Divorce Without Children (Jan. 2008), http://www.state.ak.us/courts/shc/shc–107n.pdf (last visited June 25, 2009).

**19.** In an unpublished case, we held that a pro se litigant did not waive his right to request an evidentiary hearing where the litigant used a pre-printed form provided by the court that did not provide for such a request. *Davidson v. Lafferty*, Mem. Op. & J, No. S–10013, 2002 WL 1943661, at *2 (Alaska Aug. 21, 2002); *see also D.L.C. v. C.A.H.*, 764 So.2d 562 (Ala.Civ.App.1999) (pro se litigant did not waive objection to personal jurisdiction when he followed judge's instruction to enter general denial if he did not agree with complaint).

assert it in her motion for change of venue, which the civil rules required her to do. Mark also notes that Jessica did not expressly request that the superior court dismiss the case.

Civil Rule 12(h) states:

A defense of lack of jurisdiction over the person [or] improper venue . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Civil Rule 12(g) states:

A party who makes a motion under the rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule, but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted. . . .

We have held that when a party appears and defends an action, the party cannot later argue lack of personal jurisdiction.[20] But we have also substantially relaxed these rules for pro se litigants. For example, in *S.B. v. State*,[21] we held that a pro se party did not waive her personal jurisdiction defense because she stated at a status conference "I don't even think Alaska has jurisdiction because . . . California does" and a few months later argued that her child should not be in the custody of Alaska because the child "has no family ties up there" and that she—the mother—lived in California.[22]

We hold that Jessica did not waive her objection to personal jurisdiction. She objected to jurisdiction immediately in her answer, and her motion for change of venue recited facts relevant to jurisdiction.[23] The distinction between "venue" and "jurisdiction" is not apparent to a lay person from the normal usage of those words, and was not explained on the pre-printed form provided by the court system. The form did not indicate that a pro se party would waive objections to jurisdiction if she did not move to dismiss on those grounds when she filed her motion to change venue. Jessica did her best to respond according to the Alaska Court System's form, and communicated the substance of her argument promptly and clearly. We decline to find her defense waived.

**3. Although the superior court did not have personal jurisdiction over Jessica, it had jurisdiction to grant annulment or divorce.**

Finally, Mark argues that even if the superior court properly found that it did not have personal jurisdiction over Jessica, it still had jurisdiction to terminate their marriage, and should have exercised it. He argues that an Alaska court has jurisdiction over a marriage if at least one of the parties is in Alaska with the intent to remain. Mark

---

**20.** *Matthews v. Matthews*, 739 P.2d 1298, 1299 n. 1 (Alaska 1987) ("Jack opposed the motion [for reimbursement of past child support] on the ground that the superior court lacked personal jurisdiction over him when it entered the divorce decree. The court entered the decree by default while Jack was living in Singapore. However, whether or not the court had jurisdiction at the time of the divorce, it obtained jurisdiction in 1986 when Jack appeared to defend the present action.")

**21.** *S.B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 61 P.3d 6 (Alaska 2002).

**22.** *Id.* at 14. *See also Internet Archive v. Shell*, No. C 06–00397 JSW, 2006 WL 1348559, at *1 (N.D.Cal. May 17, 2006) (holding pro se litigant did not waive objection to personal jurisdiction when she only objected to venue: "It is clear that [this pro se litigant] does not recognize the legal distinction between an objection to personal jurisdiction and an objection to venue. . . . [B]ut she has consistently maintained her objection to this Court exercising personal jurisdiction over her.").

**23.** Jessica's motion addressed whether Mark is a resident of Alaska, which goes to the question of jurisdiction. *See Crews v. Crews*, 769 P.2d 433, 435–36 (Alaska 1989) (holding that Alaska courts have jurisdiction to grant divorce or annulment if at least one party lives in Alaska and intends to remain). Jessica did not discuss facts relevant to venue. *See* AS 22.10.040.

swore in his affidavit that he lives in Alaska and intends to remain. We agree with Mark.

We have held that Alaska courts have jurisdiction over the termination of a marriage if one of the parties is in Alaska and intends to remain, even if the court does not have personal jurisdiction over the other party.[24] In that situation, the Alaska court has jurisdiction only over the marriage; Alaska does not have jurisdiction over spousal support, child custody or support, property division issues, or other personal claims between the parties.[25]

And we have held that divorce or annulment may remain before an Alaska court even if personal claims must be dismissed for lack of personal jurisdiction.[26] In *Crews v. Crews*[27] we held that the superior court erred in dismissing an Alaska resident's divorce action against her nonresident husband when it dismissed her personal claims against him for lack of jurisdiction.[28] Although the Alaska court could not adjudicate the child support and division of property issues, it could still grant her a divorce.[29]

As in *Crews*, the superior court in this case should not have dismissed the annulment and divorce claims when it dismissed Mark's personal claims against Jessica.[30] If Mark wanted an Alaska annulment or divorce, even if he would have to adjudicate his other claims in Ohio, there is no reason that the Alaska court should refuse to hear it. Therefore, we hold that it was error to dismiss Mark's claim for annulment or divorce.

## V. CONCLUSION

We AFFIRM the dismissal of Mark's personal claims against Jessica, and REVERSE the dismissal of his annulment/divorce claim. We REMAND for the court to consider the annulment/divorce claim.

---

**24.** *Crews*, 769 P.2d at 435–36 (holding that Alaska court had jurisdiction to issue divorce to wife who left husband (who had never been to Alaska), moved to Alaska, and intended to remain, although Alaska court did not have jurisdiction over her personal claims against husband for property division and child support). This is true of annulment as well as divorce. *See* AS 25.24.080 (residence requirement for plaintiff in action to declare marriage void). *See also* Restatement (Second) of Conflict of Laws § 76 ("A state has power to exercise judicial jurisdiction to nullify a marriage from its beginning (a) under the circumstances which would give the state jurisdiction to dissolve the marriage by divorce. . . .").

**25.** *Crews*, 769 P.2d at 435–36.

**26.** *See id.* (affirming superior court dismissal of personal claims, but reversing superior court dismissal of divorce claim).

**27.** *Id.*

**28.** *Id.*

**29.** *Id.*

**30.** In fact, the court recognized that it had jurisdiction over termination of the marriage, but dismissed on the grounds that it could not grant the full relief, including property division, requested by the plaintiff. But, as noted, Alaska law does not require that full relief can be granted before jurisdiction to grant a divorce will be found.