Irene M. Bedard WILSON, Appellant,

v.

Dennis E. WILSON, Jr., Appellee.

No. S–14149.

Supreme Court of Alaska.

March 9, 2012.

---

89. *Id.* at 754.

90. *Id.*

Michelle V. Minor, Law Offices of Michelle V. Minor, P.C., Anchorage, for Appellant.

No Appearance by Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

## OPINION

WINFREE, Justice.

### I. INTRODUCTION

A wife left her husband in Ohio and moved with their son to Alaska, where she filed for divorce. The husband filed for divorce in Ohio. The parties agreed Ohio had child custody and property division jurisdiction. The superior court dismissed the wife's divorce action and the wife appeals, arguing that not granting a divorce was error regardless of the pending Ohio litigation. Because the superior court did not abuse its discretion in declining to grant the divorce, we affirm.

### II. FACTS AND PROCEEDINGS

Irene Bedard Wilson and Dennis Emett Wilson, Jr. married in 1993. Irene and Dennis have one child, a son born in 2003. The family moved to Ohio in September 2008 and resided there until July 2010, when Irene left Dennis and moved to Alaska with their son. Dennis remained in Ohio.

In August 2010 Irene filed for divorce in Alaska. In September Dennis moved for dismissal of Irene's divorce action, asserting that four days after Irene filed in Alaska he had filed a divorce and custody action in Ohio. Dennis argued the superior court lacked personal jurisdiction over him under AS 09.05.015(a)(12) because the parties had not lived together in Alaska.[1] Dennis also argued that under AS 25.30.300(a), the superior court lacked subject matter jurisdiction as to child custody because Ohio had home state jurisdiction over their son.[2]

At a September hearing the superior court considered whether it had jurisdiction over the divorce and child custody issues. The court indicated it had jurisdiction to issue a divorce. Dennis argued "there's no jurisdiction over anything except for the divorce and that the whole thing should be dismissed and everything heard in Ohio." Irene did not pursue the issue further at that point in the hearing. Later in the hearing Irene agreed the Ohio court would decide whether it was the appropriate forum to resolve the divorce and custody issues.

After the hearing the parties agreed to defer child custody jurisdiction to the Ohio court's determination, recognizing Dennis's position that Ohio retained home state jurisdiction over their son and Irene's pending motion asking the Ohio court to decline jurisdiction because it was an inconvenient forum. The agreement "respectfully asked" the Ohio court to determine whether it had and would exercise jurisdiction. The superior court in-

---

1. AS 09.05.015(a)(12) (establishing grounds for personal jurisdiction in divorce proceedings).

2. AS 25.30.300(a) (establishing grounds for subject matter jurisdiction in child custody determinations).

dicated it would "defer and bind itself to the Ohio court's determination."

In October the superior court held another hearing to consider Dennis's motion to dismiss, but the Ohio court had not yet made a jurisdictional decision. Irene clarified "[w]e didn't defer to Ohio's jurisdiction, we deferred to Ohio's decision making about which was the appropriate forum." Dennis agreed. Dennis also noted the superior court "does, technically, have jurisdiction over the divorce itself but it seems most appropriate to deal with the divorce where all the divorce issues are being dealt with." The court did not rule on the motion, pending the Ohio court's decision. The court denied Irene's motion for temporary custody pending the divorce, stating "[t]he [c]ourt's jurisdiction to decide custody is undetermined and quite possibly, nonexistent."

In November the superior court held another hearing. By this time the Ohio court had issued orders requiring the parties' son's presence in Ohio for a pre-trial interview and providing for temporary shared custody. Irene conceded Alaska's child custody jurisdiction was tenuous, but requested the case remain open because it was unclear whether property division issues might require adjudication in Alaska. Irene also requested the superior court grant a divorce, arguing personal jurisdiction over Dennis was not required.[3] Dennis argued Alaska "technically" had jurisdiction to issue a divorce, but under Alaska's bifurcation statute, "the court should not unless the parties agree or unless there are special circumstances [to] end the marriage while other issues are still pending."[4] The court noted "it appears that [Ohio has] decided that it is an appropriate forum and, clearly, has [custody] jurisdiction" and that it was "pretty inclined to grant the dismissal." The court also noted "Alaska, technically, may have jurisdiction but it's . . . rather tenuous in this case" and because the

Ohio court was "taking control of the litigation," Ohio was "the appropriate forum."

The superior court later dismissed the divorce proceeding, finding "that (i) it lacks personal jurisdiction over the defendant, (ii) it lacks subject-matter jurisdiction over custody of the minor child, and (iii) the Courts of Ohio have jurisdiction over the parties and subject-matter of this divorce."

Irene moved for reconsideration, arguing the superior court failed to consider *Vanvelzor v. Vanvelzor*. The court denied Irene's motion for reconsideration, recognizing jurisdiction was authorized under *Vanvelzor* but finding "no compelling reason or good cause" to retain jurisdiction. The court relied on *Husseini v. Husseini*; in that case we held it was an abuse of discretion for the superior court to bifurcate divorce proceedings from property distribution proceedings without a showing of good cause by the moving party and without finding the opposing party's interests would not be jeopardized by the delay or reservation.[5] The superior court distinguished *Vanvelzor* because "Ohio has already asserted jurisdiction over the parties' divorce, property distribution, and child support and custody matters" and "there is great benefit to the consistency of one forum." The court noted that the divorce date could affect the entry of qualified domestic relations orders and the valuation and distribution of marital assets. The court concluded that "retaining jurisdiction in this case . . . is, in essence, creating a bifurcation across state lines, and [the court] is disinclined to do so in the absence of a showing of good cause."

Irene appeals the superior court's dismissal of her divorce action. Dennis has not participated in this appeal.

## III. STANDARD OF REVIEW

■ Irene argues we should apply de novo review because this case involves sub-

---

**3.** Irene argued "the Supreme Court has . . . dealt with a case that was incredibly similar to this one," in which "the other portions were dismissed but the divorce itself was granted." Irene later indicated she was referring to *Vanvelzor v. Vanvelzor*, 219 P.3d 184 (Alaska 2009).

**4.** Dennis cited *Perito v. Perito*, holding "Alaska courts have jurisdiction over a divorce action

when one of the parties is domiciled in Alaska," 756 P.2d 895, 898 (Alaska 1988) (citing *State v. Adams*, 522 P.2d 1125, 1131–32 (Alaska 1974)), but argued that the case has been superseded by statute. *See* ch. 76, § 2, SLA 1991 (enacting bifurcation statute codified at AS 25.24.155(a)).

**5.** 230 P.3d 682, 686 (Alaska 2010).

ject matter jurisdiction and "[j]urisdictional issues are questions of law subject to this court's independent judgment."[6] But this appeal does not concern whether the superior court had jurisdiction to grant a divorce; the parties agreed and the superior court ruled that it had jurisdiction to grant a divorce. This appeal arises because the court declined jurisdiction, and we review that decision for an abuse of discretion.[7] "An abuse of discretion occurs when we are left with the definite and firm conviction on the whole record that the judge had made a mistake."[8]

## IV. DISCUSSION

The parties did not dispute the superior court had jurisdiction to grant a divorce. The real issue is whether, as Irene states, that court was *required* to do so: "Fundamentally, the [superior] court views its authority as discretional, while [Irene] believes that the application of *Vanvelzor* and appurtenant authority mandates that she is entitled to a simple divorce if, as a resident of Alaska, she requests one."

In *Vanvelzor* a husband filed in Alaska for divorce from his wife, an Ohio resident.[9] The wife moved "to change venue," essentially arguing the superior court lacked jurisdiction.[10] We stated "Alaska courts have jurisdiction over the termination of a marriage if one of the parties is in Alaska and intends to remain, even if the court does not have personal jurisdiction over the other party."[11] We further stated "the Alaska court has jurisdiction only over the marriage; Alaska does not have jurisdiction over spousal support, child custody or support, property division issues, or other personal claims between the parties."[12] We held it was error to dismiss the divorce proceedings; we noted the superior court erred by dismissing "on the grounds that it could not grant the full relief ... requested" because "Alaska law does not require that full relief can be granted before jurisdiction to grant a divorce will be found."[13]

Irene contends *Vanvelzor* is directly on point, and relies on our statement that if the husband "wanted an Alaska annulment or divorce, even if he would have to adjudicate his other claims in Ohio, there is no reason that the Alaska court should refuse to hear it."[14] Irene also points to AS 25.24.010, which is entitled "Right of action for divorce" and provides that "[a] husband or wife may maintain an action against the other for divorce or to have the marriage declared void." Irene maintains this creates a "right to a divorce" and that "[d]eprivation of a person's right to access the courts of Alaska is a violation of due process of laws." With respect to the superior court's bifurcation anal-

**6.** *See McCaffery v. Green*, 931 P.2d 407, 408 n. 3 (Alaska 1997); *see also Barlow v. Thompson*, 221 P.3d 998, 1001 (Alaska 2009) ("Whether a superior court has jurisdiction is a question of law that we review de novo." (citing *Atkins v. Vigil*, 59 P.3d 255, 256 (Alaska 2002))).

**7.** *See Rexford v. Rexford*, 631 P.2d 475, 479 (Alaska 1980) ("[W]e hold that the Alaska Superior Court did not abuse its discretion in deferring to California in this case and staying the Alaska proceedings.").

**8.** *Richard v. Boggs*, 162 P.3d 629, 632 (Alaska 2007) (quoting *Juelfs v. Gough*, 41 P.3d 593, 596 (Alaska 2002)).

**9.** 219 P.3d at 185.

**10.** *Id.*

**11.** *Id.* at 191 (citing *Crews v. Crews*, 769 P.2d 433, 435–36 (Alaska 1989) (holding "[a]n action for divorce is essentially a proceeding *in rem* ")).

**12.** *Id.* at 191 (citing *Crews*, 769 P.2d at 435–36).

**13.** *Id.* at 191 & n. 30. Our primary authority in *Vanvelzor* was *Crews*. *Id.* at 191 (discussing *Crews*, 769 P.2d at 435–36). In *Crews* a husband filed for divorce and child custody in Florida after his wife absconded to Alaska with their child. *Crews*, 769 P.2d at 433. After the Florida court had awarded the husband temporary child custody, the wife filed for divorce in Alaska. *Id.* at 433–34. On appeal we held that the Alaska court lacked jurisdiction over the custody dispute, but "[a]n action for divorce not complicated by alimony, property division, or child custody issues may be maintained in the superior court whenever one of the parties is physically present in the state with an intent to remain indefinitely." *Id.* at 435–36 (citing *Perito*, 756 P.2d at 897–98). We added that "[d]ismissal of the child custody issue and the personal claims against [the husband] leaves only a divorce action to be adjudicated" and remanded for a determination on whether the wife intended to remain in Alaska. *Id.* at 436.

**14.** *Vanvelzor*, 219 P.3d at 191.

ysis, Irene argues: (1) AS 25.24.155 "is not a jurisdictional statute, but rather a statute outlining a process of adjudicating issues separately"; and (2) the bifurcation rules do not apply in this case because "[a]ll of the issues being adjudicated ... are those already existing within the ambit of the court's jurisdiction." [15]

■ We conclude the superior court has the authority to stay or dismiss a divorce action like Irene's if: (1) the person seeking a divorce decree has an adequate and reasonable alternative forum to obtain a divorce decree; [16] and (2) issuing a divorce decree in Alaska might significantly impact either child custody or property division proceedings in the alternative forum. We are unaware of any authority overriding judicial discretion to decline jurisdiction simply on the basis that a statute provided a cause of action. And neither *Vanvelzor* nor *Crews* presented the complicating factors of divorce-related litigation in an alternative forum. *Husseini* highlights the need for discretion in this context, with AS 25.24.155(a) also providing an appropriate analytical framework for the superior court's decision: the party seeking an Alaska divorce decree with child custody or property

proceedings pending in another jurisdiction must show good cause and no prejudice to the other party. [17] Although a superior court's decision is reviewed only for abuse of discretion, the court should make appropriate findings of fact supporting its decision, which are reviewed only for clear error.

■ Here the superior court recognized that it could grant a divorce. But, referring specifically to Dennis's representations at earlier hearings that the parties had at least one deferred compensation account, the court ultimately found "the date of divorce is important for the valuation and distribution of marital assets and property" and "the potential delay between a decree issued in Alaska and the division of property and other remaining issues in Ohio could prejudice the parties." [18] Irene has not pointed to any impediment to obtaining a divorce decree in the Ohio proceedings, and the superior court's dismissal of Irene's divorce action did not preclude Irene from obtaining an Ohio divorce decree. The superior court's reasoning was sound; declining jurisdiction and dismissing the divorce action was not an abuse of discretion.

15. Irene also interprets the superior court's dismissal as based on forum non conveniens. She contends that "[b]ecause the defenses to divorce claims in Alaska are provided in AS 25.24.120 and 25.24.130, no further valid defenses exist under the doctrine of *expressio unius est exclusio alterius*." AS 25.24.120 lists defenses when divorce is initiated on adultery grounds and AS 25.24.130 lists defenses in other divorce actions, including express forgiveness and procurement. Irene argues that because forum non conveniens is not specified as an authorized defense, the legislature did not intend to allow a divorce action to be dismissed on those grounds. This argument fails because the superior court based its decision on the bifurcation statute and *Husseini*, neither of which stems from the forum non conveniens doctrine.

16. *Cf. Bromley v. Mitchell*, 902 P.2d 797, 803 (Alaska 1995) (requiring superior court to ensure suit dismissed on forum non conveniens grounds would be allowed to proceed in different jurisdiction).

17. AS 25.24.155(a) provides in relevant part:
The court may not delay or reserve a custody decision ... or an issue of property division ... unless

(1) each party ... expressly agrees on the record ... or
(2) a party who moves for an order of delay or reservation shows good cause and the court finds that the interests of a party opposing the motion will not be jeopardized by the delay or reservation.

18. Irene asserts that under Alaska law property classification relates to the time of separation, which has already occurred. Because Ohio has jurisdiction over the parties' property division, Ohio law likely controls—we note that Ohio law defines marital property as property acquired "during the marriage." Ohio Rev Code Ann. § 3105.171(A)(3)(a) (West 2010). "During the marriage" continues "through the date of the final hearing in an action for divorce," unless the court determines that end date would be inequitable, in which case the court has discretion to determine an equitable date. Ohio Rev.Code Ann. § 3105.171(A)(2)(a)-(b) (West 2010). But the fundamental problem is not one of classification or its timing—the fundamental problem is the potential time gap between Alaska's divorce decree and Ohio's order dividing marital assets, particularly retirement plans.

## V. CONCLUSION

The superior court's decision is AF-FIRMED.

CHRISTEN, Justice, not participating.